IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dustin L. Hammond, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-1610-BHH |
| v. ) | |
| ) | **ORDER** |
| Carmen Hall, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Dustin L. Hammond's ("Plaintiff") pro se amended complaint alleging a violation of his rights during his incarceration at the Greenville County Detention Center. The matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

On September 6, 2022, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss the action. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. The Court initially did not receive objections from Plaintiff and entered an order adopting the Magistrate Judge's Report. (ECF No. 19.) However, Plaintiff subsequently filed a letter asserting that he lost all of his paperwork since September and that he would like to continue the case. (ECF No. 22.) The Court construed Plaintiff's letter as a motion to reopen the case and granted the motion on December 8, 2022, thereby vacating the Court's prior order. The Court also gave Plaintiff until January 6, 2023, to file objections to the Magistrate Judge's Report. On December

27, 2022, Plaintiff filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In his amended complaint, Plaintiff alleges that Defendant gave him the wrong medication, Haloperidol, on May 10, 2022, which caused him to begin shaking and to become weak-minded. After reviewing Plaintiff's amended complaint, the Magistrate Judge found it subject to summary dismissal based on Plaintiff's failure to allege sufficient factual allegations to state a plausible constitutional claim. The Magistrate Judge explained that even liberally construing Plaintiff's pleading and accepting his factual allegations as true, Plaintiff's assertion that he received the wrong medication on one occasion and experienced shakiness and weak-mindedness as a result fails to sufficiently allege an Eighth Amendment violation of deliberate indifference to serious medical needs. (ECF No. 15 at 4 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103-05 (noting that an "inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation)).) The Magistrate Judge further explained that Plaintiff has

failed to allege that the medical care he received was so grossly inadequate that it shocks the conscience or that the provision of the wrong medication was life threatening.

In his objections to the Magistrate Judge's Report, Plaintiff merely rehashes his claim that Defendant provided the wrong medication on one occasion. Plaintiff further alleges that after taking the medication, he "began shaking uncontrollably, his heart rate was abnormal, his muscles were contracting as if he were having a seizure. . . ." (ECF No. 27 at 1.) He contends that he was told he had been administered the wrong medication and it was only after he received the proper medication on May 10 that he started to feel normal. (*Id.* at 1-2.)

After de novo review, and accepting as true Plaintiff's more extreme allegations of "uncontrollable" shaking and seizure-like symptoms, which he asserts for the first time in his objections, the Court nevertheless agrees with the Magistrate Judge that this action is subject to summary dismissal based on Plaintiff's failure to sufficiently allege a constitutional violation. As the Magistrate Judge explained, the Fourth Circuit has indicated that, to constitute deliberate indifference to serious medical needs, medical treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Here, as the Magistrate Judge properly explained, Plaintiff simply has not alleged that the administration of the wrong medication on a single occasion was more than an inadvertent failure to provide adequate medical care, or that Plaintiff's medical needs were serious or life threatening and Defendant was deliberately indifferent to those needs. Accordingly, the Court finds, for the reasons set forth herein and for the reasons set forth by the Magistrate

Judge in her Report, that this action subject to summary dismissal.

## CONCLUSION

Based on the foregoing, the Court hereby **adopts** and **incorporates** the Magistrate Judge's Report (ECF No. 15); the Court **overrules** Plaintiff's objections (ECF No. 27); and because Plaintiff has already had the opportunity to file an amended complaint, the Court **dismisses this action with prejudice**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 7, 2023
Charleston, South Carolina